Mango v Muscat (2025 NY Slip Op 25088)

[*1]

Mango v Muscat

2025 NY Slip Op 25088

Decided on March 24, 2025

District Court Of Suffolk County, Third District

Black-Kelly, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 24, 2025
District Court of Suffolk County, Third District

Camillo A. Mango, Trustee of the 
 CHARLES W. HARRISON FAMILY TRUST, Petitioner

against
John Muscat a/k/a JOHN J. MUSCAT, Respondent

Index No. LT-000357-24HU 

Richard M. Gordon, Esq., Huntington, New York, for petitioner
Peter Morra, Esq., Garden City, New York, for respondent

Bronwyn M. Black-Kelly, J.

Upon the following papers numbered 1 to 6 read on this motion by respondent to dismiss Notice of Motion and supporting affirmation/affidavit 1,2,3;
Affirmation in opposition 4;
Filed papers Notice of petition and petition 5,6;
(and after hearing counsel in support of and opposed to the motion) it is,
ORDERED that this motion by respondent to dismiss the petition is denied. In this landlord tenant summary holdover proceeding (RPAPL § 711[1]), respondent seeks dismissal on the ground the petition fails to state a cause of action (see CPLR 3211[a][7]). The gravamen of his motion is the petition is not in noncompliance with the pleading requirement contained in RPAPL § 741(5-a), which reads in pertinent part
Every petition shall...[a]ppend or incorporate the notice required pursuant to section two hundred thirty-one-c of the real property law, which shall state the following: (i) if the [*2]premises are or are not subject to article six-A of the real property law, the "good cause eviction law", and if the premises are exempt, such petition shall state why the premises are exempt from such law....
Real Property Law § 231-c(1) reads in pertinent part
A landlord as defined in subdivision two of section two hundred eleven of this chapter shall append to or incorporate into any...petition pursuant to section seven hundred forty one of the real property actions and proceedings law, the following notice...[emphasis added].
The undisputed allegations of the petition are that petitioner is landlord and owner of the subject premises, which respondent occupies as a tenant at will (Petition, 10/09/2024, ¶¶ 1,6). Also undisputed is petitioner's assertion in its opposition papers that respondent does not pay rent. The petition does not contain a rent demand or any payment demand other than the costs and disbursements of this proceeding (id., Wherefore clause). 
A Real Property Law § 231-c Notice is not appended to or incorporated into the petition. Petitioner takes the position that he is not, to use the language RPL § 231-c(1), "a landlord as defined in subdivision two of section two hundred eleven," which is required for the notice provision of RPL § 231-c to apply.
A landlord is defined in Real Property Law § 211(2) as "any fee owner, lessor,..., or any other person or entity receiving or entitled to receive rent...". For purposes of the notice requirement of RPL § 231-c, petitioner is not a landlord, since he is not "receiving or entitled to receive rent," and because he is not a landlord for purposes of the statute, the RPL § 231-c Notice is not required.
RPAPL § 741(5-a) only applies when the Real Property Law § 231-c Notice is required. It is not required here, so the failure to append or incorporate it is not a pleading defect. 
The petition states a cause of action pursuant to RPAPL § 711(1). Respondent's motion is denied. This proceeding is returned to the Landlord/Tenant trial calendar.
Dated: March 24, 2025
Bronwyn M. Black-Kelly, J.D.C. #128